[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12749
Non-Argument Calendar

_____

Agency No. A78-953-498

VILMA GLORIA RUANO DE ESPINOZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 7, 2007)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Vilma Gloria Ruano De Espinoza ("Ruano"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

denial of her motion for reconsideration/motion to reopen. Ruano argues that the BIA abused its discretion by denying her motion for reconsideration/motion to reopen because she was denied the opportunity to apply for voluntary departure. Ruano contends that the Immigration Judge ("IJ") and the BIA erred in issuing a final order of removal before the scheduled master calendar hearing, at which she could have applied for voluntary departure. Second, Ruano asserts that she had previously filed an application for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub.L.No. 105-100, 202, 111 Stat. 2160, 2193 (1998), and contends that she did not abandon her application for such relief because a copy of her previous application was already included in the administrative record.

For the reasons set forth more fully below, we deny the petition for review in part and dismiss the petition for review in part.

We review the BIA's denial of a motion for reconsideration and a motion to reopen for an abuse of discretion. Assa'ad v. U. S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (motion for reconsideration); Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (motion to reopen). Judicial review of the denial of discretionary relief in this context "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted).

2

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C). Motions to reconsider are disfavored in removal proceedings. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen and explaining that such motions are disfavored because, "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").

Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted." "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." Id. In addition, a motion to reopen "for the purpose of affording the alien an opportunity to apply for any form of discretionary relief [shall not] be granted if it appears that the alien's right to apply for such relief was fully explained to him or her" and the alien was afforded an opportunity to apply for such relief. Id.

3

We have previously held that:

> [a]t a minimum, there are at least three independent grounds upon which [the BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). The BIA retains broad discretion to deny a motion to reopen and may do so "even if the party moving has made out a prima facie case for relief." Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (quotation and citation omitted).

Here, the BIA construed Ruano's motion before it as a motion for reconsideration. However, Ruano failed to specify any errors of law or fact in either the IJ's or the BIA's orders. Instead, Ruano asserted a new claim – that the IJ denied her due process rights by entering a final order of removal because voluntary departure was still available to her. To the extent that Ruano asked the BIA to reopen the proceedings to allow her to seek voluntary departure, she failed to submit any evidence to show prima facie eligibility for such relief or assert any facts or evidence that could not have been discovered or presented to the IJ during the proceedings below. To the contrary, the record demonstrates that Ruano, represented by counsel, had notice of, and numerous opportunities to request, such relief. Moreover, even assuming that Ruano presented evidence of her eligibility for voluntary departure, the BIA nevertheless has discretion to deny her motion to

4

reopen.  Anin, 188 F.3d at 1279.  Accordingly, the BIA did not abuse its discretion in denying Ruano's motion for reconsideration/motion to reopen, and we deny the petition for review in this respect.

We need not address Ruano's remaining claim that her application for NACARA relief should have been deemed filed in light of the fact that a copy of her previous application for such relief was already included in the administrative record.  Ruano failed to raise this claim before the BIA and, thus, we lack jurisdiction to review it.  See 8 U.S.C. § 1252(d)(1); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (determining that we "lack jurisdiction to consider claims that have not been raised before the BIA").  Although we have indicated that the exhaustion requirement of § 1252(d)(1) may not apply to prohibit review of certain constitutional claims, we have determined that the requirement does apply in circumstances where, as here, the claim at issue is a procedural due process claim. Compare Sundar, 328 F.3d at 1325 (acknowledging that constitutional challenges that cannot be resolved by a BIA decision may not require exhaustion) with Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (holding that petitioner's allegation of a due process violation was "precisely the kind of procedural error which requires exhaustion").  Accordingly, we dismiss the petition for review in this respect.

In light of the foregoing, Ruano's petition for review is

**DENIED IN PART, DISMISSED IN PART.**

5